HARRY D. MENCHER, One of the Defendants Below,
Appellant,

*vs.*

LEAH SACHS, Plaintiff Below,
Appellee,

SEMINOLE OIL & GAS CORPORATION, MILESTONE DRILLING COMPANY,
JOHN ADDISON, HERSCHEL GREENBAUM, HUGH P. MULLEN
and HERBERT WILLIAMS, Defendants Below,
Additional Appellees.

*Supreme Court, On Appeal,* ■■■■■■

*Reargument Denied April 12, 1960.*

*William E. Taylor, Jr.,* Wilmington, for appellant.

*Arthur G. Logan* and *Aubrey S. Lank* of Logan, Marvel, Boggs & Theisen, Wilmington, for appellees Leah Sachs and Seminole Oil & Gas Corp.

*William H. Foulk* of Foulk, Walker, Miller & Wakefield, Wilmington, for appellee Milestone Drilling Co.

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, JJ., sitting.

SOUTHERLAND, Chief Justice: The case below involved two proceedings: (1) a petition for appointment of a master to hold a special election of directors of Seminole Oil & Gas Corporation; and (2) a complaint to cancel 283,000 shares of Seminole stock held by Milestone Drilling Company. The cases were consolidated before trial. In the election proceedings the management, including Seminole's then President, appellant Mencher, was opposed by certain stockholders. The master held that the Milestone shares were illegally issued and should be cancelled, and further held that the opposition's candidates for directors should be seated. On exceptions to the report the Chancellor upheld the master on both grounds. 38 *Del.Ch.* 246, 150 *A.2d* 20.

Orders were entered in accordance with the opinion. The entry of the order cancelling the shares was delayed to give Milestone an opportunity to prove a claim for work done. Milestone asserted no claim, accepted the decree, and surrendered the shares for cancellation.

Mencher appeals from the judgment cancelling the Milestone shares. Seminole moves to dismiss, on the ground (among others) that Mencher is not a party aggrieved by the judgment.

█ We are of opinion that the motion must be granted. Although Mencher was named as a defendant in certain causes of action joined with the action for cancellation, these causes of action were abandoned by the parties and no relief was granted against Mencher.

█ Mencher insists that he is injured by the judgment because the cancellation of the shares deprived Milestone of its vote, which in

turn gave the election of directors to the opposition, and thus prevented Mencher's reelection as president and director. But that is not a legal grievance.

> "* * * An aggrieved party * * * is one having an interest recognized by law in the subject matter which is injuriously affected by the judgment." 2 Am.Jur., "Appeal and Error," § 152.

Here Mencher had no interest in the subject matter of the suit—the shares of stock. The right to vote was a mere incident of the stock. When the stock was cancelled the right to vote was lost. Milestone "aggrieved" but chose not to assert a grievance. How may anyone else complain? The loss of Milestone's voting strength at the election, and the alleged consequence that Mencher lost his office, are too remote to constitute direct injury for the present purpose.

> ■ "To render a party aggrieved by an order, so as to entitle him to appeal therefrom, the right invaded must be immediate, not merely some possible, remote consequence * * *." 4 C.J.S. Appeal & Error § 183.

> ■ Appellant also makes an argument (not developed on the brief) that his "interest as a substantial stockholder" was prejudiced by the change of management. This supposed injury is even more remote.

The appeal is dismissed.

### Petition for Reargument.

Appellant's petition for reargument develops at length a point merely touched on in the briefs, and summarily disposed of in the opinion. He argues that a minority stockholder who is aligned in interest with a defendant in a derivative suit to cancel the defendant's stock is in the same position as a minority stockholder who objects, on behalf of the corporation, to a settlement of a derivative suit, and who thus seeks to enforce a corporate right. Obviously, the position is quite different. In the former case, as here, the stockholder is not seeking to enforce a corporate right of action. He is merely support-

ing a defense belonging to the defendant.   He is therefore attempting to enforce the rights of one who accepted the judgment and surrendered his stock.   Appellant has no interest in the matter justifying the appeal.

The petition for reargument is denied.